# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT PICCARRETA | |
| Plaintiff, | NO. 3:17-CV-00451 |
| v. | (JUDGE CAPUTO) |
| CHIEF OIL & GAS, LLC, *et al.*, | |
| Defendants. | |

## MEMORANDUM

Presently before me is Plaintiff's Complaint (Doc. 1), which fails to adequately plead the existence of subject matter jurisdiction. As such, the case will be dismissed, unless Plaintiff files an amended complaint curing the jurisdictional defects within fourteen (14) days from the date of entry of the Order.

## I. Analysis

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *See Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999). 28 U.S.C.A. § 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). "It is . . . well established that when jurisdiction depends upon diverse citizenship, the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). *See also Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); Fed R. Civ. P. 12(h)(3).

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where he or she is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179 182

(3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). Domicile is established by one's physical presence in a state, or residence, and intent to remain there indefinitely. *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir.2011). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *Williamson v. Osenton*, 232 U.S. 619 (1914).

Here, Plaintiff filed a Complaint against Defendants for violations of state law, alleging that this Court has original jurisdiction over the matter under 28 U.S.C. § 1332, the diversity statute. The Complaint states only that Plaintiff is "an adult residing" in Pennsylvania. (Doc. 1, at ¶1). It does not, however, state where Plaintiff is a *citizen*.[1] Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("Where one lives is *prima facie* evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (internal citations omitted).

Moreover, Plaintiff's Complaint fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently identifies the citizenship of the Defendant companies. For instance, the Complaint alleges only that Defendant Chief Oil & Gas, LLC is "organized to do business under the laws of the Commonwealth of Pennsylvania," and has a "registered address for service of process" in Pennsylvania. (Doc. 1, at ¶2). Such averments are insufficient because the citizenship of an LLC is determined by the *citizenship of its members*, not by its service of process address, principal place of business, or place of organization, as Plaintiff's counsel appears to believe. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (quoting *Chapman v. Barney*, 129 U.S. 677, 682 (1889)) (affirming "that diversity jurisdiction in a suit by or against [an artificial] entity depends on the citizenship of 'all the members'"); *see also* 1 Fed. Proc., L. Ed. § 1:176 (2011) (acknowledging that a

---

[1] Or, more precisely, where Plaintiff was a citizen at the time the suit was commenced. *See Grupo Dataflux v. Atlas Global Grp.*, 541 U.S. 567, 570-71 (2004).

"limited liability company is a citizen, for purposes of diversity jurisdiction, of each state where its members are citizens"). Here, the Complaint fails to allege any facts regarding the citizenship of the members of Defendant Chief Oil & Gas, LLC. The Complaint contains similar deficiencies as to other Defendants as well. As such, I cannot determine that diversity jurisdiction applies to this suit.

## II. Conclusion

Because the Court's subject matter jurisdiction has not been properly alleged, the instant suit will be dismissed, unless Plaintiff, within fourteen (14) days from the date of the Order, files an amended complaint curing *all* jurisdictional defects.

An appropriate Order follows.


March 22, 2017 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge