IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT PICCARRETA | |
| Plaintiff, | NO. 3:17-CV-00451 |
| v. | (JUDGE CAPUTO) |
| CHIEF OIL & GAS, LLC, *et al.*, | |
| Defendants. | |

## MEMORANDUM ORDER

Plaintiff failed to comply with this Court's March 22, 2017 Order, (Doc. 4), which required Plaintiff to adequately plead the existence of subject matter jurisdiction in his Amended Complaint.

For example, Plaintiff alleges that "Defendant Chief Oil & Gas, LLC is a Texas Corporation." (Doc. 5, at 1). Proclaiming that an "LLC" is a "Texas Corporation" reveals some misunderstanding of the legal characteristics of those types of business entities. Despite some functional similarities, federal courts treat limited liability companies and corporations differently for purposes of diversity jurisdiction. Stated differently, an entity cannot be both an LLC and a corporation under 28 U.S.C.A. § 1332. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 189, 110 S. Ct. 1015, 1018 (1990) ("[A]lthough possessing 'some of the characteristics of a corporation' ... [an unincorporated entity] may not be deemed a 'citizen' under the jurisdictional rule established for corporations [;] ... [t]hat rule must not be extended."). Thus, the Third Circuit has held that "a limited liability company, as an unincorporated business entity, should be treated as a partnership for purposes of establishing citizenship." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). As is well-established, the citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008). "Accordingly, the citizenship of an LLC is determined by the citizenship of its members." *Zambelli*, 592 F.3d at 420. Here, Plaintiff alleges only that the Defendant LLC is a "Texas Corporation" and has "its principal place of business" in Texas. (Doc. 5, at 1). Thus, Plaintiff again fails to allege the citizenship

of the members of the entity at issue. Despite the fact that I explicitly advised Plaintiff that "the citizenship of an LLC is determined by the *citizenship of its members*, not by its . . . principal place of business," (Doc. 3, at 2) (emphasis original), Plaintiff continues to display unfamiliarity with the law governing diversity jurisdiction in federal courts.

Similarly, the Amended Complaint fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently identifies the citizenship of Defendant Stallion Oilfield Services, Ltd., which Plaintiff alleges to be a "Texas Limited Partnership." (Doc. 5, at ¶5). As already explained, the citizenship of partnerships is determined by the citizenship of its partners or members, not, as Plaintiff incorrectly states, "its principal place of business." (*Id.*)

Thus, **NOW**, this 24th day of March, 2017, **IT IS HEREBY ORDERED** that Plaintiff is given fourteen (14) days from the date of this Order to file a second amended complaint properly alleging diversity jurisdiction. If Plaintiff fails to do so, the action will be dismissed.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge